# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CHRISTINA JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 07 C 4612 |
| ) | |
| BRAIDWOOD POLICE OFFICERS CRAIG ) | Wayne R. Andersen |
| CLARK No. 110 and DONN KAMINSKI, No. 11, ) | District Judge |
| individually, and THE CITY OF BRAIDWOOD, ) | |
| ) | |
| Defendants. | |

## MEMORANDUM, OPINION AND ORDER

This case is before the Court on the motion of Defendants Officer Craig Clark ("Clark"), Officer Donn Kaminski ("Kaminski"), and The City of Braidwood ("The City") for summary judgment in their favor on all claims asserted in Plaintiff's Amended Complaint and on the motion of Plaintiff Christina Jones ("Jones") for summary judgment on Count I, pursuant to Fed. R. Civ. P. 56. For the reasons stated below Defendants' motion is denied with respect to Counts I and V. Defendants' motion is granted on Counts II, III, and IV. Plaintiff's motion is denied.

## BACKGROUND

On August 16, 2005, Defendants Officers Clark and Kaminski received a radio dispatch report stating that a citizen was concerned that a person, possibly a construction worker, was taking pictures of houses. Pl.'s Statement of Undisputed Material Facts (hereinafter, "PSF") ¶ 7. Officer Clark was the first officer to arrive at the scene and he observed Jones walking across the street and wearing an orange reflective vest, dark pants, shirt and hat. Def.'s Statement of Undisputed Material Facts (hereinafter, "DSF") ¶¶ 10-11. At the time, Jones was working as a

meter reader for her employer, Commonwealth Edison ("ComEd"), and she was dressed in her ComEd uniform. PSF ¶¶ 6, 10. Officer Clark stopped Jones and asked to speak with her. DSF ¶ 13. At some point, Jones showed Officer Clark her official ComEd identification cards, one with her full name "Christina A. Jones" and the other with "Christina A.," both depicting her picture, however, her driver's license was in her car, which was parked at a nearby church. PSF ¶¶ 17, 22, 23. Additionally, Jones showed Officer Clark a pair of binoculars she used to read meters. DSF ¶ 19. Jones told Officer Clark that she needed to get back to work because she had 500 meters to read that day. *Id.* at ¶ 24. Jones then walked a few feet away and proceeded to make a phone call. PSF ¶ 26. Officer Clark requested several times that Jones give him her date of birth. However, Jones did not answer but instead questioned why she had to give further information. *Id.* at ¶¶ 24, 25, 27.

On his way to the scene, Officer Kaminski stopped to speak with a nearby neighbor who confirmed to him that there was a ComEd worker in the area reading meters. DSF ¶ 34, 35. When Officer Kaminski arrived on the scene, he observed Jones on the phone, standing a few feet from Officer Clark. *Id.* at ¶ 40. Officer Kaminski asked Jones if she had given Officer Clark what he needed, and Jones responded that she had. *Id.* at ¶ 42. Officer Kaminski informed Jones that, if she did not give them her identification, she could be arrested for obstruction and he then proceeded to handcuff and arrest her. PSF ¶ 35, 36. While Officer Kaminski was patting Jones down, Jones stated "this is harassment" and "this is happening because I am black in Braidwood." DSF ¶ 47.

After Jones arrived at the Braidwood Police Station, Officer Kaminski escorted Jones to the door of the station. *Id.* at ¶ 52. At this time, Officer Kaminski was repeating Jones's

2

statements "oh my god" and "oh my goodness" with an altered tone of voice, while rocking and bobbing his head. *Id.* Officer Kaminski then stated to Jones "you wanted to make it racial out there, now it is racial." *Id.* at ¶ 53. In the booking room, Officer Kaminski removed a baseball hat from Jones's head. *Id.* at ¶ 54. Jones claims that Officer Kaminski ripped the hat from her head without first requesting that she remove it herself. PSF ¶ 30.

After Jones's bond paperwork was finished, Officer Clark advised Jones that she was free to leave. DSF ¶ 60. Jones was charged with "obstructing a peace officer." Pl.'s Amended Compl. (hereinafter, "Compl.") ¶ 14. The charge was pending for over two years, but was eventually terminated with a directed verdict in Jones's favor. Pl.'s Statement of Additional Facts ¶ 34.

Based on the events above, Plaintiff Jones filed a complaint alleging: (1) Count I against the individual defendants for unlawful detention and false arrest in violation of 42 U.S.C. § 1983; (2) Count II against the individual defendants for violation of due process and related rights under §§ 1983, 1985; (3) Count III against the individual defendants for selective prosecution and violation of equal protection and related rights under §§ 1983, 1985; (4) Count IV against the individual defendants for violation of equal protection rights under § 1983; and (5) Count V against all defendants for state supplemental claims of assault, false arrest, malicious prosecution, and intentional infliction of emotional distress.

## Standard of Review

A motion for summary judgment will be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter

3

of law." Fed. R. Civ. P. 56(c). Further, the entry of summary judgment is proper against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and in which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). When the non-moving party bears the burden of proof on a dispositive issue, that party must go beyond the pleadings and present "specific facts showing that there is a genuine issue for trial." *Id.* at 324. In determining whether there exists a genuine issue of material fact, the court must view the record and draw all inferences in favor of the non-moving party. *Beard v. Whitley County REMC*, 840 F.2d 405, 409 (7th Cir. 1988).

## DISCUSSION

### I. Summary Judgment is Granted in Defendants' favor with Respect to Count II.

In Count II of her amended complaint, Jones alleges that the individual defendants violated her due process and related rights by attempting to coerce and deprive her from exercising her speech and from freely accessing the courts. Compl. ¶ 26. Jones has presented no genuine issue of material fact with regard to Count II. Jones admits that neither Officer Clark nor Officer Kaminski ever approached her about signing a waiver of civil claims in exchange for the City of Braidwood dropping criminal charges against her. Pl.'s response to DSF ¶ 62. Further, in her response to defendants' memorandum of law, Jones concedes that Count II of her amended complaint fails as a matter of law. Therefore, summary judgment is granted in defendant's favor with respect to Count II of plaintiff's amended complaint.

## II. Summary Judgment is Granted in Defendants' favor with Respect to Count III.

In Count III of her amended complaint, Jones alleges that the defendants engaged in selective prosecution and violated her equal protection and related rights. Jones further alleges that "the individual Defendants caused this case to be criminally prosecuted unlike similarly situated cases." Compl. ¶ 28. Jones cites an "attempted settlement" of the underlying criminal case as evidence that she was treated different than other similarly situated defendants who do not threaten § 1983 action "and/or where the police are not the alleged 'victims'". Compl. ¶ 29.

In her response to the defendants' memorandum of law, Jones abandons her claim of an attempted settlement and instead combines her Count III claim with her Count IV claim of a violation of her equal protection rights based on race. "A plaintiff may not amend [her] complaint through arguments in [her] brief in opposition to a motion for summary judgment." *Insolia v. Phillip Morris Inc.*, 216 F.3d 596, 606 (7th Cir. 2000). Count III of Jones's amended complaint does not include any allegation consistent with a theory that she was selectively prosecuted because of her race, but rather because she threatened § 1983 action. Jones's response fails to follow up on this theory.

While it is somewhat unclear what Jones is alleging in this Count, the defendants understand this to be a retaliatory prosecution claim. To succeed on a claim of retaliatory prosecution, a plaintiff must show that the defendant officer (1) acted in retaliation, and (2) "induced the prosecutor to bring charges that would not have been initiated without his urging." *Peals v. Terre Haute Police Dep't.*, 535 F.3d 621, 626 (7th Cir. 2008). The plaintiff must also plead and prove that there existed no probable cause to support the underlying charge. *Id.*

Jones presents no evidence to indicate that Officer Clark or Officer Kaminski acted in retaliation or induced the prosecutor to bring charges that would not have been initiated without their urging. Jones admits that neither Officer Clark nor Officer Kaminski approached her about signing a waiver of civil claims in exchange for the City of Braidwood dropping the criminal charges against her. Because Jones fails to show any genuine issue of material fact relating to a claim of selective prosecution based on unequal treatment between her and similarly situated "[d]efendants arrested for misdemeanor crimes where there is no threat of § 1983 action against the police and/or where the police are not the alleged 'victims,'" summary judgment on Count III is granted in the defendants' favor.

### III. Summary Judgment is Granted in Defendants' favor with Respect to Equal Protection Allegations in Count IV.

In Count IV of her amended complaint, Jones alleges that similarly situated non-African-Americans have not been detained in a similar manner, nor have non-African-Americans been arrested for engaging in similar activities to that which caused her to be arrested, in violation of her equal protection rights. Compl. ¶ 32. To succeed on her equal protection claim, Plaintiff must prove that Defendants intentionally discriminated against her because of her race. *McCleskey v. Kemp*, 481 U.S. 279, 292 (1987). "To show a violation of the Equal Protection Clause, plaintiffs must prove that the defendants' actions had a discriminatory effect and were motivated by a discriminatory purpose." *Chavez v. Illinois State Police*, 251 F. 3d 612, 635-36 (7th Cir. 2001). To prove discriminatory effect, Jones must show that (1) she is a member of a protected class, (2) she is otherwise similarly situated to members of the unprotected class, and (3) she was treated differently from members of the unprotected class. *Id.* at 636.

Jones alleges that she was discriminated against because (1) non-African Americans were not arrested for similar conduct and (2) because of the manner in which she was detained.

    A.    Jones fails to establish discriminatory effect with regard to her claim that non-African Americans were not arrested for engaging in similar conduct

Although Jones is a member of a protected class, she fails to show that she was treated differently from similarly situated members of the unprotected class with regard to her arrest. In an effort to define similarly situated members of the unprotected class, Jones points to four non-African Americans who were arrested for obstruction resulting from a failure to produce identification. Jones contends that because these non-African Americans allegedly committed crimes other than obstruction, and because her only charge was obstructing, this evidences intentional discrimination. However, Jones's logic is flawed. The non-African Americans Jones points to would not be considered similarly situated because they had committed other crimes. If Jones could point to a non-African American who committed no crime other than obstructing, and was not arrested, that would constitute evidence of discriminatory effect. However, there is no evidence in the record to establish such an instance.

    B.    Jones fails to establish discriminatory intent with regard to the manner in which she was detained.

Jones fails to prove discriminatory intent on the part of Officer Clark with regard to the manner in which she was detained. Jones's only allegation against Officer Clark was that he first made race an issue when he told Jones that he had a complaint that a "person of color" was taking pictures of houses. This comment appears to have been a neutral descriptive term and not evidence of a discriminatory purpose. Id. at 646 (stating that even racially insensitive remarks do not prove discriminatory purpose). Further, Jones admitted that during the incident Officer

Clark never used any racial slurs or racially derogatory words. DSF ¶ 61. Jones offers no other evidence that Officer Clark had a discriminatory purpose, and, therefore, summary judgment of Count IV with regard to Officer Clark is granted.

Jones alleges that, during her detention, Officer Kaminski committed several discriminatory acts against her, including making racially derogatory statements. Jones perceived Officer Kaminski's repetition of her statements with an altered tone of voice, while rocking and bobbing his head, as a mocking form of black dialect used to harass her. Further, Jones claims that Officer Kaminski's statement "you wanted to make this racial out there, now it is racial," shows that his actions were motivated by race. Additionally, Jones alleges that Officer Kaminski ripped her hat from her head without first asking her to remove it herself.

Jones fails to identify any similarly situated member of the unprotect class who was treated differently than her, another essential element. Officer Clark stated that it was normal procedure for an officer to request that an individual take off clothing and for an officer to remove the clothing, depending on the situation. Clark Dep., p. 48, Line 8 – 18. (Aug. 22, 2008). Because Jones fails to prove a discriminatory effect with regard to her arrest or the manner in which she was detained, summary judgment of Count IV is granted in the defendants' favor.

### IV. Summary Judgment is Denied with Respect to Count I.

In Count I of her amended complaint, Jones alleges that her detention and arrest were done with without probable cause and were unreasonable. Compl. ¶ 22. Both Jones and all Defendants are moving for summary judgment with regard to the allegations of unlawful detention and false arrest in Count I. A police officer may conduct a brief, investigatory stop of

a suspect if the officer has reasonable suspicion based on articulable facts that a crime is about to be or has been committed. *Terry v. Ohio*, 392 U.S. 1, 21 (1968). In determining whether a stop is unreasonable, there is a two part inquiry – "whether the officer's action was justified at its inception, and whether it was reasonably related in scope to the circumstances which justified the interference in the first place." *Id.* at 19-20.

In this case, summary judgment is inappropriate because several issues of material fact exist. In particular, the disputed facts include:

1. whether Officer Clark had reasonable suspicion to stop Jones;
2. whether the officers' actions in questioning and detaining Jones were justified at the inception; and
3. whether probable cause existed to arrest Jones.

Based on the above disputed facts, the parties' cross motions for summary judgment are denied with respect to Count I.

### V. Defendants' qualified immunity claim.

Defendants Officers Clark and Kaminski contend that they are entitled to qualified immunity with respect to Counts I - IV. Under the doctrine of qualified immunity, public officials who are performing discretionary functions may be "shielded from liability for civil damages if their actions did not violate 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Hope v. Pelzer*, 536 U.S. 730, 739 (2002) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). A police officer is entitled to qualified immunity from a § 1983 suit if he had probable cause to arrest. *Hunter v. Bryant*, 502 U.S. 224, 228 (1991). In this case, a factual dispute exists as to whether defendants Officers

Clark and Kaminski had probable cause to arrest plaintiff. Accordingly, there are genuine issues for trial which preclude a finding of qualified immunity.

### VI. Summary Judgment is Denied with Respect to Count V.

In response to Jones's supplemental claims of assault, false arrest, malicious prosecution and intentional infliction of emotional distress, the defendants do not challenge the elements of the claims, rather they contend that all Defendants are entitled to summary judgment on the basis of tort immunity. Under Illinois law, law enforcement officers are not liable when acting in "execution or enforcement" of the law unless they engage in willful and wanton conduct. 745 ILL. COMP. STAT. 10/2-202 (2009). Conduct is willful and wanton if "it constitutes a course of action which shows an actual or deliberate intention to cause harm or which, if not intentional, shows an utter indifference to or conscious disregard for the safety of others or their property." 745 ILL. COMP. STAT. 10/1-210 (2009). When an individual officer cannot be subjected to liability, neither can the public entity be held liable. 745 ILL. COMP. STAT. 10/2-109 (2009). Whether the officers' act rose to the level of utter indifference or conscious disregard is an issue of material fact and, therefore, summary judgment is inappropriate with regard to Count V.

### CONCLUSION

For the foregoing reasons, the defendants' motion for summary judgment [#35] is granted with respect to Counts II, III, and IV. The motion is denied with respect to Counts I and V. Plaintiff's motion for summary judgment is denied. [40].

It is so ordered.

_Wayne Andersen_
Wayne R. Andersen
United States District Court

Dated: September 21, 2009