IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRISTINA JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | NO: 07 CV-4612 |
| ) | |
| BRAIDWOOD POLICE OFFICERS ) | Judge Suzanne B. Conlon |
| CRAIG CLARK, No. 110; DONN ) | |
| KAMINSKI, No. 11; and the CITY OF ) | Magistrate Morton Denlow |
| BRAIDWOOD, ) | |
| ) | |
| Defendants. ) | |

## DEFENDANTS' MOTION FOR JUDGMENT AS A MATTER OF LAW OR ALTERNATIVELY TO VACATE JUDGMENT ENTERED ON JURY VERDICT AND FOR A NEW TRIAL

NOW COME the Defendants, Braidwood Police Officers CRAIG CLARK and DONN KAMINSKI and the CITY OF BRAIDWOOD, by through their attorneys, MICHAEL E. KUJAWA and WILLIAM C. BARASHA, JUDGE, JAMES & KUJAWA, LLC, pursuant to Federal Rules of Civil Procedure 50(B), 59(a)(1)(A) and 59(e), hereby move this Honorable Court for judgment in their favor as a matter of law, or, alternatively, to vacate the judgment entered on the jury verdict of July15, 2011 and for a new trial. In support of this motion, the Defendants state as follows:

1. On July 15, 2011, the jury returned verdicts for Plaintiff Christina Jones against Defendants Craig Clark and Donn Kaminski on the Plaintiffs claim for unreasonable detention; against Defendants Craig Clark and Donn Kaminski on the Plaintiff's claim for false arrest; and against Defendants Craig Clark, Donn Kaminski and the City of Braidwood on the Plaintiff's

claim for malicious prosecution. The Court has entered judgment on the jury's verdicts.

2. On July 14, 2011, at the close of the Plaintiff's case, counsel for the Defendants presented to the Court and to opposing counsel their Rule 50 Motion for Judgment as a Matter of Law. (See, Exhibit 1, attached hereto and made part hereof). After the Plaintiff made an oral Rule 50 Motion for Judgment as a Matter of Law, the Court entered its ruling that both Plaintiffs and the Defendants' Motions for Judgment as a Matter of Law were denied. Pursuant to Rule 50(b) the Defendants restate and adopt their prior Motion for Judgment as a Matter of Law, which had been presented to the Court on July 14, 2011. (See, Exhibit 1, attached hereto and made part hereof). In the alternative, the Defendants also seek a new trial, pursuant to Federal Rule of Civil Procedure 59(e).

3. A new trial is warranted due to errors affecting the substantial rights of Defendants Craig Clark, Donn Kaminski and the City of Braidwood.

4. It was error for the Court to give Plaintiff's Instruction No. 1, related to the Plaintiff's claim of unreasonable detention, wherein the Court instructed the jury, in part, that it was only Plaintiff's burden to show that the Defendants [were] unable to point to any specific facts that give rise to a reasonable suspicion that the person stopped *"is involved* (emphasis added) in criminal activity." This instruction prejudiced the rights of the Defendants to a fair trial, inasmuch as the instruction was an incomplete and therefore, inaccurate statement of the law.

5. Relative to the Plaintiff's claim for unreasonable detention it was error for the Court to give Plaintiff's Instruction No. 3 which stated, in part, that a police officer may request a person's name and address only when he can make a reasonable inference, pointing to specific facts "that give rise to a reasonable suspicion that the person stopped *is involved* (emphasis

added) in criminal activity."

6. It was error for the Court to refuse to give the first paragraph of Defendants' Instruction No. 3, which instruction set forth an accurate statement of the law concerning a police officer's authority to conduct an investigatory stop, pursuant to the Supreme Court's decision in *Terry v. Ohio*, 392 U.S. 1, 30, 88 S.Ct. 1868, 1884 (1968).

7. It was error for the Court to allow Plaintiff's testimony, evidence and argument relating to alleged racial bias, which misled the jury, caused undue prejudice to the Defendants, and prevented the Defendants from having a fair trial (especially after all claims based on racial discrimination, equal protection or dissimilar treatment on the basis of race, by Judge Anderson's September 21, 2009 entry of partial summary judgment in favor of the Defendants on Plaintiff's claims of racial bias).

8. It was error for the Court to admit in evidence the post-arrest, booking room video which was not relevant to any of the issues in the case, and which was substantially outweighed by the danger of unfair prejudice to both Defendants Craig Clark and Donn Kaminski.

WHEREFORE, the Defendants, CRAIG CLARK, DONN KAMINSKI and the CITY OF BRAIDWOOD, move this Honorable Court for entry of judgment in their favor as a matter of law. Alternatively, these Defendants pray that this Honorable Court enter an order vacating the judgment entered on the jury's verdict and granting the Defendants a new trial on all claims asserted by Plaintiff, Christina Jones.

Respectfully Submitted,

/s/ WILLIAM C. BARASHA, Atty No. 3123158
MICHAEL E. KUJAWA, Atty No. 6244621
JUDGE, JAMES & KUJAWA, LLC
One of the Attorneys for Defendants
CRAIG CLARK, DONN KAMINSKI and THE
VILLAGE OF BRAIDWOOD

## CERTIFICATE OF SERVICE

The undersigned, one of the attorneys of record herein, hereby certifies that the foregoing Motion for Judgment as a matter of Law or alternatively, to Vacate Judgment Entered on Jury Verdict and for a New Trial was electronically filed with the Clerk of the U. S. District Court using the CM/ECF System, which will send notification of such filing to the following:

> Edward M. Fox
> Ed Fox & Associates
> 300 West Adams, Ste. 330
> Chicago, Illinois    60606
> (312) 345-8877
> efox@efox-law.com

Dated: August 12, 2011

s/ William C. Barasha
William C. Barasha, # 3123158
Michael E. Kujawa
JUDGE, JAMES & KUJAWA, LLC.
One of the Attorneys for Defendants
CRAIG CLARK, DONN KAMINSKI and
THE CITY OF BRAIDWOOD

JUDGE, JAMES & KUJAWA, LLC
422 N. Northwest Highway, Suite 200
Park Ridge, Illinois 60068
847/292-1200
847/292-1208 (fax)

EXHIBIT 1

138/11-2731.WK

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTINA JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | NO: 07 CV-4612 |
| | ) | |
| BRAIDWOOD POLICE OFFICERS | ) | Judge Suzanne B. Conlon |
| CRAIG CLARK, No. 110; DONN | ) | |
| KAMINSKI, No. 11; and the CITY OF | ) | Magistrate Morton Denlow |
| BRAIDWOOD, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' MOTION FOR JUDGMENT AS A MATTER OF LAW

Defendants, CRAIG CLARK, DONN KAMINSKI and the CITY OF BRAIDWOOD, by and through their attorneys, JUDGE, JAMES & KUJAWA, LLC, now moves for Judgment as a Matter of Law.

## NATURE OF THE CASE

This case arises from events which transpired on August 16, 2005. On that date, Defendant Craig Clark ("Officer Clark") and Defendant Donn Kaminski ("Sgt. Kaminski"), officers of the Braidwood Police Department arrested Plaintiff, Christina Jones ("Plaintiff"). Plaintiff alleges Officer Clark and Sgt. Kaminski took unconstitutional actions prior to, during, and subsequent to her arrest. Broken down by allegation, Plaintiff brings claims against Officer Clark and Sgt. Kaminski under 42 U.S.C. § 1983 for unlawful detention and arrest in violation of the Fourth and Fourteenth Amendments in Count I. Plaintiff also brings a supplemental state claim against Defendants Officer Clark, Sgt. Kaminski and the City of Braidwood for malicious

prosecution in Count V.

Defendants contend that reasonable suspicion existed to initiate and maintain a stop under *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, and shortly thereafter, probable cause existed to place Plaintiff under custodial arrest for obstructing a peace officer and disorderly conduct and to charge Plaintiff with the offense of obstructing a peace officer. Defendants further contend that probable cause existed to initiate the custodial arrest and therefore all supplemental state claims must fail.

## TESTIMONY CONFIRMS THAT OFFICER CLARK HAD REASONABLE SUSPICION TO INITIATE A *TERRY* STOP OF PLAINTIFF

A police officer may conduct a brief, investigatory stop of a suspect if the officer has reasonable suspicion based on articulable facts that a crime is about to be or has been committed. *Terry*, 392 U.S. at 21, 88 S. Ct. at 1879-1880. Reasonable suspicion requires less than probable cause. *Id.* "In evaluating the reasonableness of a stop, courts must examine the totality of the circumstances known to the officer at the time of the stop." *United States v. Wimbush*, 337 F.3d 947, 949-950 (7th Cir. 2003). "The circumstances justifying a *Terry* stop may include the behavior and characteristics of the person detained, as well as the experience of the officer." *United States v. Baskin*, 401 F.3d 788, 791 (7th Cir. 2005). Finally, the test is an objective rather than a subjective one. *Devenpeck v. Alford*, 543 U.S. 146, 153, 125 S. Ct. 588, 593-594 (2004). "The fact that the officer does not have the state of mind hypothecated by the reasons which provide the legal justification for the officer's action does not invalidate the action taken, as long as the circumstances, viewed objectively, justify that action." *Scott v. United States*, 436 U.S. 128, 138, 98 S. Ct. 1717, 1723 (1978).

Based on the aforementioned precedent and the undisputed facts of this case, Officer Clark was justified when he initiated a *Terry* stop of Plaintiff as a matter of law. At 8:16 At 8:16 A.M., Officer Clark testified that he received a call from dispatch reporting a person near 375 Francis Street, wearing a construction vest, on foot, working her way toward Kennedy Street taking pictures of houses. Within one minute, Officer Clark was in the vicinity of the call. From his patrol car, Officer Clark saw Plaintiff, on foot walking across Kennedy Street. At that time, Officer Clark could see that Plaintiff was wearing an orange reflective construction vest and holding some undetermined object in her hands. Based on these facts, a reasonable officer in Officer Clark's position was justified in initiating an investigatory stop. "Police observation of an individual, fitting a police dispatch description of a person involved in a disturbance, near in time and geographic location to the disturbance establishes a reasonable suspicion that the individual is the subject of the dispatch." *U.S. v. Lenoir*, 318 F.3d 725, 729 (7th Cir. 2003). Plaintiff was in the area of the call, matched the description of the individual given by dispatch, and was observed carrying an object in her hands, within one minute of the call. *See Hardrick v. City of Bolingbrook*, 522 F.3d 758, 763 (7th Cir. 2008) (holding that the requirements of *Terry* were satisfied when officers received a call from dispatch and stopped the Plaintiff, who was in the area described by dispatch and fit the description given by dispatch). Thus, Defendants are entitled to verdict in their favor on Plaintiff's claim that they violated her Fourth Amendment rights by initiating an investigatory stop.

## THE *TERRY* STOP OF PLAINTIFF WAS REASONABLE IN ITS SCOPE

"To ensure that the resulting seizure is constitutionally reasonable, a *Terry* stop must be

limited." *Hiibel v. Sixth Judicial Dist. Court of Nevada, Humboldt County*, 542 U.S. 177, 185, 124 S. Ct. 2451, 2458 (2004). In addition to the requirement that a *Terry* stop is justified at its inception, the stop must be conducted in a manner that is "reasonably related in scope to the circumstances which justified the interference in the first place." *Id.*, quoting *United States v. Sharpe*, 470 U.S. 675, 682, 105 S. Ct. 1568 (1985). Based upon the undisputed facts of this case, the *Terry* stop of the Plaintiff was reasonable in its scope as a matter of law.

Upon approaching Plaintiff, Officer Clark testified that he requested to see identification. In *Hiibel,* the Supreme Court held that a request for identification during a *Terry* stop, pursuant to a state's "stop and identify" statute was reasonable, and did not violate an individual's Fourth Amendment rights. 542 U.S. at 188. Illinois has a similar "stop and identify" statute. *See* 725 ILCS 5/107-14. It is well established that questions concerning a suspect's identity are a routine and accepted part of many *Terry* stops. *See U.S. v. Hensley,* 469 U.S. 221, 229, 105 S.Ct. 675, 680 (1985) ("[T]he ability to briefly stop [a suspect], ask questions, or check identification in the absence of probable cause promotes strong government interest in solving crimes and bringing offenders to justice"); *see also Adams v. Williams,* 407 U.S. 143, 146, 92 S.Ct. 1921, 1923 (1972) ("[a] brief stop of a suspicious individual, in order to determine his identity. . . .may be most reasonable in light of the facts known to the officer at the time.") The Court in *Hiibel* noted that, "[k]nowledge of identity may inform an officer that a suspect is wanted for another offense, or has a record of violence or mental disorder. On the other hand, knowing identity may help clear a suspect. . . ." 542 U.S. at 186. Thus, Officer Clark's request to Plaintiff for her identification was reasonable as a matter of law.

Although Plaintiff advised Officer Clark that she was working as a ComEd meter

reader, and she was dressed like a typical ComEd meter reader, the only identification card she would show Officer Clark was her ComEd Field ID, which only has Plaintiff's picture and her first name and middle initial on it.

Although she showed Officer Clark that she did not have a camera on her, she was carrying binoculars. Plaintiff did not show Officer Clark her ComEd ID with her full name on it. She told Officer Clark that she did not have her driver's license with her, and she refused multiple requests by Officer Clark for her full name and date of birth.

A reasonable police officer would expect that a legitimate ComEd employee, on legitimate ComEd business, would realize that occasional police contact is part of the job as a meter reader. Anyone walking in and out of backyards and alongside houses all day is bound to be stopped and questioned occasionally. A reasonable police officer would also expect that a legitimate ComEd employee would also know that the quickest way to end the police contact would be to be as cooperative as possible, especially with a request as innocuous as the providing of a full name and date of birth.

A reasonable police officer would expect a legitimate ComEd employee, performing legitimate ComEd work, to cooperate with such a minor request. Plaintiff's evasive and confrontational behavior is a "red flag" to a reasonable police officer such as Clark. It signals that further inquiry is necessary to allay the reasonable suspicion that a crime has been or is about to be committed.

Officer Clark was dealing with a suspicious person, who claimed to be a ComEd worker and was dressed as a ComEd worker, but who was not behaving like a reasonable ComEd worker. Under those circumstances, Officer Clark was reasonable in investigating

further.

Plaintiff's conduct during the stop would raise many questions in the mind of a reasonable police officer. Could Plaintiff be posing as a ComEd worker while committing crimes? Could Plaintiff have an active warrant for her arrest? If Plaintiff is really a ComEd worker performing legitimate ComEd work, why would that person not give the officer her full name and date of birth? These are all questions a reasonable police officer, such as Officer Clark would be thinking.

Finally, Plaintiff testified that she began to walk away from Officer Clark. *See Illinois v. Wardlow*, 528 U.S. 119, 124, 120 S.Ct. 673, 676 (2000) ("evasive behavior is a pertinent factor in determining reasonable suspicion"). In light of these facts and circumstances known to Officer Clark at the time, a reasonable officer's suspicions that criminal activity was afoot remain reasonable as a matter of law.

Plaintiff then extended the length of the investigatory stop by refusing to comply with Officer Clark's lawful request and by making a telephone call. *See Hardrick*, 522 F.3d at 763 ("[plaintiff] prolonged the duration of the stop by his inconsistent responses to basic queries about his identity, which Illinois law permits an officer to demand during a temporary stop."); *see also Cady v. Sheahan*, 467 F.3d 1057, 1063 (7th Cir. 2006) ("[w]hen delay is attributable to the evasive actions of a suspect, the police do not exceed the permissible duration of an investigatory stop.") Moreover, the undisputed evidence in this case shows that the entire length of the *Terry* stop was less than six (6) minutes. Officer Clark first approached Plaintiff within a minute of hearing the dispatch call at 8:16 A.M. By 8:23 A.M., Officer Clark had radioed to dispatch that Plaintiff was refusing to provide requested information.. *See Cady*,

467 F.3d at 1063 (holding that a *Terry* stop which lasted 20 — 30 minutes did not exceed a reasonable scope where Plaintiff refused to provide identity information and threatened to sue the officers, while officers worked diligently to resolve the situation).

## SGT. KAMINSKI HAD PROBABLE CAUSE TO PLACE PLAINTIFF UNDER CUSTODIAL ARREST

The existence of probable cause bars a § 1983 claim for false arrest under the Fourth Amendment. *Purtell v. Mason*, 527 F.3d 615, 626 (7th Cir. 2008). "A police officer has probable cause to arrest an individual when the facts and circumstances that are known to him reasonably support a belief that the individual has committed, is committing, or is about to commit a crime." *Holmes v. Village of Hoffman Estates*, 511 F.3d 673, 679 (7th Cir. 2007). Probable cause "does not require evidence sufficient to support a conviction." *Id.*, citing *Woods v. City of Chicago*, 234 F.3d 979, 996 (7th Cir. 2000). "As an objective test, probable cause is less than a rule of more-likely-than not ..." *Tangwell v. Stuckey*, 135 F.3d 510, 519 (7th Cir. 1998), quoting *Gramenos v. Jewel Cos. Inc.*, 797 F.2d 432, 438 (7th Cir. 1986). In making an assessment of probable cause, the court "must consider the facts as they reasonably appeared to the arresting officer..." *Holmes*, 511 F.3d at 679. An officer may exercise common sense and draw upon his training and experience in evaluating the totality of the circumstances confronting him, and a court must likewise make allowances for such judgments..." *Id.* When "what happened" questions are not at issue, probable cause is for the Court to decide. *Smith v. Lanz*, 321 F.3d 680, 684 (7th Cir. 2003).

It is undisputed that Sgt. Kaminski was the arresting officer in this case. Based on the aforementioned precedent, and the undisputed facts of this case, Sgt. Kaminski's arrest of

Plaintiff was clearly justified, as a matter of law. As discussed below, probable cause to arrest Plaintiff existed based upon Sgt. Kaminski's prior communications with Officer Clark, the knowledge imputable to Sgt. Kaminski under the "collective knowledge doctrine," and Sgt. Kaminski's own observations upon his arrival to the scene.

"Under *Hiibel* and in conjunction with 720 ILCS 5/31-1, an individual could be arrested for obstructing a peace officer for failing to identify himself during a temporary stop." *Cady*, 467 F.3d at 1063, fn. 8. It is undisputed that prior to his arrival at the scene, Sgt. Kaminski had heard a radio transmission between Officer Clark and dispatch, in which Officer Clark informed dispatch to "standby" in response to dispatch's request for Plaintiff's identity information. It is also undisputed that Officer Clark communicated to Sgt Kaminski via radio that Plaintiff would not give him the information for which he was asking. Based upon these facts alone, a reasonable officer with Sgt Kaminski's knowledge had probable cause, as a matter of law, to arrest Plaintiff for obstructing a police officer. *See Holmes*, 511 F.3d at 680 ("[i]n making a decision to arrest someone for criminal conduct that he did not witness, a police officer may rely on information provided to him by ...an eyewitness to the crime ...Fellow law enforcement personnel are among the witnesses whose accounts the arresting officer may rely upon"). Thus, having just arrived at the scene, Sgt. Kaminski was entitled to rely on Officer Clark's statements as to what had already occurred.

A reasonable officer in Sgt Kaminski's position also had probable cause to arrest Plaintiff for obstructing a peace officer based upon Officer Clark's knowledge of the events through the "collective knowledge doctrine." Under the doctrine, an arrest is proper so long as "the collective knowledge of the agency [the arresting officer] works for, is sufficient to

constitute probable cause." *Tangwall*, 135 F.3d at 517, quoting *U.S. v. Valencia*, 913 F.2d 378, 383 (7th Cir. 1990). Upon application of the doctrine, Officer Clark's knowledge that Plaintiff began to walk away from him during his investigatory stop is imputed to Sgt. Kaminski. Again, this fact alone is sufficient to establish probable cause that Plaintiff had committed the violation of obstructing a police officer. *See Williams v. Adams*, Case No. 05 C 646, 2007 WL 2298417, * 3 (N.D. Ill. Aug. 3, 2007) (Andersen, J.) (Attached as Ex. A) (holding that officer had probable cause to arrest individual for obstructing a peace officer when the individual began to walk away from a lawful Fourth Amendment seizure).

Finally, a reasonable officer in Sgt. Kaminski's position had probable cause to arrest Plaintiff for obstruction of a peace officer based upon the personal observations that he made upon his arrival to the scene. From his vehicle as he arrived at the scene, Sgt. Kaminski observed Officer Clark standing in the field interview position, and observed Plaintiff standing with half her back to him, three feet away, and holding a cellular phone to her ear. Based upon these facts, a reasonable officer could have concluded that Officer Clark was conducting a lawful investigation and that Plaintiff was physically impeding, hindering, interrupting, or delaying Officer Clark in the performance of his duties.

Alternately, based upon Sgt. Kaminski's knowledge at the time of the arrest, probable cause existed to arrest Plaintiff for the offense of disorderly conduct. If probable cause exists based upon the facts known to the arresting officer, whether the officer had the specific charge in mind, or whether the charge is "closely related" remain irrelevant. *Devenpeck*, 543 U.S. 146. "Refusal to obey the lawful order of police may form the basis of a disorderly conduct prosecution." *Ryan v. County of DuPage*, 45 F.3d 1090, 1093 (7th Cir. 1995), quoting

*People v. Yocum*, 24 Ill. App. 3d 883, 321 N.E.2d 731, 733 (Ill. App. 3rd Dist. 1974). Based upon Sgt. Kaminski's knowledge at the time of the arrest, a reasonable officer could reasonably believe that Plaintiff had refused to obey Officer Clark's lawful request to provide her identity information during an investigatory stop pursuant to 725 ILCS 5/107-14.

## CONCLUSION

The Defendants are entitled to a verdict in their favor on Plaintiff's claim that they unreasonably detained her, as they had reasonable suspicion to justify an investigative stop of Plaintiff, and the stop was reasonable in both scope and duration. The presence of probable cause to arrest mandates a finding in Defendants' favor on Plaintiff's false arrest and supplemental state claim for malicious prosecution. Finally, Plaintiff is not entitled to any compensatory or punitive damages for this incident in which she was reasonably detained, arrested with probable cause, and prosecuted without malice.

Respectfully Submitted,

/s/ *MEK*

JUDGE, JAMES & KUJAWA, LLC
MICHAEL E. KUJAWA, Atty No. 6244621
One of the Attorneys for Defendants Officers
CRAIG CLARK, DONN KAMINSKI and the
CITY OF BRAIDWOOD

Dated: July 14, 2011

JUDGE, JAMES & KUJAWA, LLC
422 N. Northwest Highway, Suite 200
Park Ridge, Illinois 60068
847/292-1200
847/292-1208 (fax)